IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRELL DAVRON ANDERSON | : | |
| #306-278 | | |
|     Plaintiff | : | |
| | | |
| v. | : | CIVIL ACTION NO. AMD-06-2914 |
| | | (Consolidated with AMD-06-2915) |
| JAMES SMITH, *et al*. | : | |
|     Defendants | | |

MEMORANDUM

On November 6, 2006, plaintiff Tyrell Davron Anderson, then incarcerated at the Jessup Correctional Institution in Jessup ("JCI"),[1] filed these pro se civil rights action against Warden Smith, the Attorney General for the State of Maryland, the Secretary and Department of Public Safety and Correctional Services ("DPSCS"), and the Washington County Circuit Court. Plaintiff alleges that there were deficiencies in the administrative process regarding a notice of infraction he received on April 2, 2005, while housed at the Maryland Correctional Institution at Hagerstown ("MCI-H"). As a result of this alleged wrong, plaintiff seeks money damages and reversal of his adjustment conviction. The case is now before the court on defendants' unopposed dispositive motion,[2] which shall be treated as a motion for summary judgment. (Paper No. 12). No hearing is needed to resolve plaintiff's complaint. *See* Local Rule 105.6 (D.Md. 2004).

Fed. R. Civ. P. 56(c) provides that:

---

[1] JCI was formerly known as the Maryland House of Correction Annex ("MHC-A"). Plaintiff currently is incarcerated at the United States Penitentiary-Allenwood, located in White Deer, Pennsylvania.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk on April 18, 2007, informed plaintiff that defendants had filed a dispositive motion; that plaintiff had 17 days in which to file written opposition to the motion; and that if plaintiff failed to respond, summary judgment could be entered against him without further notice. (Paper No. 13). Plaintiff but has chosen not to respond.

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This does not mean that any factual dispute will defeat a motion for summary judgment:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

On April 2, 2005, plaintiff was given a notice of infraction by Correctional Officer J. Partlow for fighting with another prisoner. (Paper No. 12, Exhibit 1).  A hearing scheduled for April 14, 2005, was postponed at plaintiff's request so that Officer Partlow could appear as plaintiff's witness.

(*Id*., Exhibit 1 at 6-7).  The hearing convened on April 19, 2005.  Plaintiff argued that the delay adversely affected his case, but offered no facts suggesting his defense was prejudiced as a result. (*Id*., Exhibit 1 at 9-12). A hearing officer found plaintiff guilty of fighting and refusing to obey an order, and recommended sentences of 365 days and 90 days segregation, to run consecutively, but with no loss of good conduct time. (*Id*., Exhibit 1 at 11). Warden Smith agreed with the finding, but modified the sentences to run concurrently. (*Id*., Exhibit 1 at 14). Plaintiff's subsequent attempt to overturn the institutional conviction was unsuccessful in state court. (Paper No. 3, Attachments 1 and 3).

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege personal involvement by the named defendants. *See Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976).  Anderson does not assert any personal involvement on the part of the Secretary of DPSCS.  For this reason, the Secretary of DPSCS is dismissed as a party defendant in this suit.

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Penhurst State School and Hospital v. Halderman*, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, plaintiff's claims against the DPSCS, a state agency, are barred by the Eleventh Amendment.

Plaintiff's claim that he was wrongfully subjected to adjustment convictions is not supported

by the record. The due process standards for prison disciplinary proceedings were established in *Wolff v. McDonnell*, 418 U.S. 539 (1974), which held that "there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution that are of general application." *Id.* at 556. The Court held that prisoners are entitled to procedural due process, but that they are not entitled to the "full range of procedures" in prison disciplinary hearings. *Id.* at 561. Since *Wolff*, the Court has stated that "[t]he punishment of incarcerated prisoners . . . does not impose retribution in lieu of a valid conviction . . . . It effectuates prison management and prisoner rehabilitative goals." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). In *Sandin*, the Court held that "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486.

In light of the above, the court concludes as a matter of law that plaintiff's due process rights were not violated. Plaintiff was afforded the process he was due under the relevant law. In addition, plaintiff's substantive due process rights, if any, were respected, in that the disciplinary hearing decision was unquestionably based upon "some evidence" submitted before the hearing officer. *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445 (1985). The unsubstantiated, bald allegation that the outcome of a disciplinary hearing was based on fraudulent testimony does not state a cognizable claim. *See Kelly v. Cooper,* 502 F.Supp. 1371, 1376 (E.D.Va. 1980); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (claim of retaliation is not supported by mere conjecture). Indeed, after a review by the Warden, the time plaintiff was to serve on segregation was reduced.

Plaintiff seemingly complains that the Attorney General represented corrections officials in plaintiff's Circuit Court action seeking to overturn the adjustment conviction, and the Circuit Court

acted improperly in its review of the matter. The Circuit Court is not an entity amenable to suit, and plaintiff does not allege specific wrongdoing on the part of the Attorney General. Both are entitled to dismissal from this action.

For the foregoing reasons, the motion for summary judgment will be granted. An Order follows.

Filed: May 15, 2007                             __/s/_____
                                                Andre M. Davis
                                                United States District Judge